SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 23 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHELLE I. LEWIS**                                                                 **PLAINTIFF**

vs.                                                      CIVIL ACTION NO. 3:15cv 51 DPJ-FKB

**REVCLAIMS, LLC**                                                                **DEFENDANT**

## COMPLAINT

### (JURY TRIAL DEMANDED)

COMES NOW, Plaintiff Michelle I. Lewis, by and through undersigned counsel, and for her cause of action against Defendant RevClaims, LLC (hereinafter "RevClaims") states and alleges as follows:

### VENUE and JURISDICTION

1. Plaintiff brings this action against Defendant for violation of Plaintiff's rights under the Constitution and laws of the United States.

2. This is an action for unlawful race discrimination brought under and pursuant to 42 U.S.C. § 2000 (Title VII) of the Civil Rights Act, and 42 U.S.C. §1981.

3. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission, Jackson Area Office.

4. On or about October 27, 2014, the United States Equal Employment Opportunity Commission, Jackson Area Office issued a "Right to Sue" letter to the Plaintiff for the actions alleged in this Complaint. Please see "Right to Sue" letter attached hereto as Exhibit "A". Plaintiff has fully complied with pre-requisites to jurisdiction by this Court under 42 U.S.C. § 2000 *et seq.*

5. Jurisdiction for Plaintiff's claims arising under 42 U.S.C. § 1981 is conferred by 28 U.S.C. § 1331. More specifically, this action involves a federal question. All pertinent events that

give rise to this action occurred in Hinds County, Mississippi. Therefore, venue is proper with this Court pursuant to 28 U.S.C. § 1391(b)(2).

6. Plaintiff request a trial by jury on all issues triable to a jury.

## PARTIES

7. Plaintiff Michelle Lewis is a black female who at all times pertinent to this action worked in Hinds County, Mississippi.

8. At all times relevant to this action Defendant RevClaims was a limited liability corporation authorized and doing business in Hinds County, Mississippi.

9. Defendant employs more than fifteen (15) employees.

10. Defendant is an employer within the meaning of Title VII.

11. All actions, omissions, and conduct of the Defendant that are pertinent to this action were performed by its employees, agents, and representatives while in the course and scope of their agency or employment.

## FACTS COMMON TO ALL COUNTS

12. On or about September 16, 2012, Plaintiff began employment with the Defendant. Plaintiff was continuously employed by Defendant until she was involuntarily terminated by Defendant in retaliation for filing a charge of racial discrimination and otherwise made complaints that Defendant discriminated against her.

13. The reasons stated by Defendant for the termination of Plaintiff were a pretext. Plaintiff was terminated as a result of her race and as a retaliation for charges of discrimination.

14. During her employment by Defendant Plaintiff was given an increased work load and unfavorable work assignments while other white administrators had fewer duties and responsibilities.

15. During Plaintiff's tenure as an employee of Defendant white employees with no experience with the company were hired at a higher rate of pay than Plaintiff's rate of pay.

16. White employees were not disciplined for minor infractions of rules which resulted in discipline to the Plaintiff.

17. White employees who had fewer duties and responsibilities than Plaintiff were paid a higher rate of pay.

18. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Community Commission on April 25, 2014, and her discharge on December 10, 2014, was in retaliation for the charge of discrimination which had previously been filed.

19. Plaintiff has suffered economic loss as a result of termination by Defendant. She has been unable to find employment for the same or greater compensation as her pay by Defendant.

## COUNT I - TITLE VII

20. Plaintiff restates and alleges paragraphs 1 - 19, including all subparts, as though fully set forth below.

21. Defendant discriminated against Plaintiff due to her race.

22. Defendant discriminated against Plaintiff by terminating her due to her race and replacing her with a Caucasian.

23. Defendant discriminated against Plaintiff in her pay and assignment of work duties and responsibilities.

24. Plaintiff was disciplined by Defendant for minor infractions of rules which did not result in discipline to white employees.

25. The above-described actions are discriminatory in nature and specifically designed

to deny Plaintiff the opportunities and benefits of similarly situated white employees.

26. Plaintiff seeks damages under Title VII of the Civil Rights Act for the Defendant's unlawful employment practices which are related in whole or in part to Plaintiff's race and/or color, that being African-American and/or black.

WHEREFORE, Plaintiff prays for judgment for Count I in her favor and against the Defendant and requests the following relief:

    a. Declaration that the acts of Defendant as described herein are in violation of Title VII;

    b. Plaintiff be compensated for lost income and benefits due to her termination and failure to receive promotions and upgrades;

    c. Defendant pay Plaintiff's attorney's fees and litigation costs;

    d. Defendant issue a letter of apology to Plaintiff apologizing for Defendant's discriminatory and illegal employment practices;

    e. Defendant institute affirmative action policies designed to enhance the ability of black employees to be promoted by Defendant; and

    f. As Defendant's conduct is outrageous, evil, and evinces a conscious disregard and reckless indifference for the right of others, that Defendant be ordered to pay punitive damages in an amount such that it will deter similarly situated employers from engaging in like conduct.

## COUNT II - 42 U.S.C. § 1981

27. Plaintiff restates and realleges paragraphs 1 - 26, including all subparts, as though fully set forth below.

28. Plaintiff asserts a claim for unlawful interference with her right to contract, apply for and/or obtain employment on an equal basis as white citizens due to her race and/or color.

29. Plaintiff asserts a claim for unlawful interference with her right to equal benefit from her employment on an equal basis as white citizens due to her race and/or color.

30. Defendant treated Plaintiff differently than hrt white co-workers because she was a member of the black race in that Defendant prevented Plaintiff from receiving her employment rights equal to those of her white co-workers.

WHEREFORE, Plaintiff prays for judgment for Count II in her favor and against the Defendant and request the following relief:

   a. Declaration that the acts of Defendant described herein were in violation of 42 U.S.C. § 1981;

   b. Plaintiff be compensated for lost income and benefits due to her termination and failure to receive promotions and upgrades;

   c. Defendant pay Plaintiff's attorney's fees and litigation costs;

   d. Defendant issue a letter of apology to Plaintiff apologizing for Defendant's discriminatory and illegal employment practices;

   e. Defendant institute affirmative action policies designed to enhance the ability of black employees to be promoted by Defendant; and

   f. As Defendant's conduct is outrageous, evil, and evinces a conscious disregard and reckless indifference for the right of others, that Defendant be ordered to pay punitive damages in an amount such that it will deter similarly situated employers from engaging in like conduct.

## COUNT III - RETALIATORY DISCHARGE

31. Plaintiff restates and realleges paragraphs 1 - 30, including all subparts, as though fully set forth below.

32. Plaintiff was discharged by Defendant in retaliation for her complaints of racial discrimination, including but not limited to her filing of the formal charge of discrimination with the Equal Employment Opportunity Commission.

33. Plaintiff's separate charge for retaliatory discharge has been filed with the Equal Employment Opportunity Commission, and that charge is now pending with the Commission.

34. Plaintiff includes the charge of retaliatory discharge in this Complaint because Plaintiff must file this suit within ninety (90) days of receipt of the Right to Sue letter, which said time period will expire on or about January 30, 2015.

35. Plaintiff's discharge in retaliation for filing of a charge of discrimination is violative of the law and establishes a separate cause of action against Defendant.

WHEREFORE Plaintiff prays for judgment on this Count III in her favor against the Defendant and request the following relief:

    a. Declaration that the acts of Defendant in terminating Plaintiff were as a result of improper retaliation for a charge of discrimination;

    b. Plaintiff be compensated for lost income and benefits due to her termination;

    c. Defendant pay Plaintiff's attorney's fees and litigation costs;

    d. Defendant issue a letter of apology to Plaintiff apologizing for Defendant's retaliatory discharge of Plaintiff; and

    e. Defendant pay punitive damages in an amount such that Defendant will be

punished and that others similarly situated will be deterred from engaging in like conduct.

WHEREFORE Plaintiff prays that this Complaint be received and filed and after proper service upon Defendant RevClaims, LLC there be judgment herein on all Counts as prayed for herein above and Plaintiff further prays that Defendant be ordered to pay her all costs of court, reasonable attorney's fees, reimbursement of all expenses incurred by attorneys and Plaintiff in the prosecution of this action. Plaintiff further prays for punitive damages and injunctive relief as stated herein. Plaintiff prays for interest on all such amounts as allowed by law, and Plaintiff further prays for all relief to which she is entitled by law.

RESPECTFULLY SUBMITTED this the __22__ day of January, 2015.

                                          **MICHELLE I. LEWIS, Plaintiff**

By: _____/s/ Carey R. Varnado_____
      CAREY R. VARNADO (MSB # 6593)
      *Attorney for Plaintiff*

MONTAGUE, PITTMAN & VARNADO
525 Main Street
Post Office Drawer 1975
Hattiesburg, MS 39403-1975
Telephone: 601-544-1234
Facsimile: 601-544-1280
E-mail: cvarnado@mpvlaw.com